IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAMES GREEN,
ADC # 113001                                                    PLAINTIFF

v.                          No. 5:12-cv-406-DPM

PAUL D. SELBY, Attorney, Monticello
Regional OCSE; PARKER HOUSER,
Claims Representative, Social Security;
CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration; TALIA LAMBERT,
Investigator, Monticello Office of Child
Support Enforcement; and UNITED
STATES OF AMERICA                                           DEFENDANTS

## ORDER

Several motions need deciding.

1. Green's FTCA claim against Houser, Colvin, and the United States
is dismissed for want of jurisdiction. 28 U.S.C. § 2401(b); *Ryan v. United States*,
534 F.3d 828, 831 (8th Cir. 2008)(*per curiam*). He did not, he acknowledges, file
an administrative claim with the Social Security Administration. № 72 *at 7–8*.
His inquiry letters do not suffice.  Green reasonably should have known
about the alleged injury no later than October 2009, when his benefits were
awarded and reduced by the June 2009 garnishment. *№ 2 at 32; № 79-2 at
1–2; № 81 at 12.* Any administrative claim now would be untimely. *Flores v.*

*United States*, 689 F.3d 894, 901 (8th Cir. 2012).  So this dismissal is with prejudice.

**2.** On further screening, the Court agrees that Green has no *Bivens* claim against Secretary Colvin.  No respondeat superior liability exists simply because Colvin is the boss.  *Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998).  Green's allegation that Colvin's predecessor failed to stop the garnishment, № *2 at 8*, is insufficient to establish any liability.

**3.** If Defendants have not provided Green a copy of his deposition, they should do so now.  Defendants' objections to Green's discovery based on multi-party questions are overruled.  Supplemental answers due by 27 June 2014.  All Defendants' other objections are sustained.  Green shall not propound any further written discovery without getting prior approval from the Court.  No more multi-part questions will be allowed.  Any additional proposed discovery should be limited and focused.

**4.** Green's fifth motion for counsel is denied for the reasons previously stated.  Green is ably representing himself on the relatively straightforward issues presented.  *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998).

\* \* \*

Motion to dismiss, № 63, granted. All FTCA claims are dismissed with prejudice. The *Bivens* claim against Colvin is dismissed without prejudice. Motion to strike, № 69, denied as moot. Motion about more interrogatories and other discovery issues, № 76, granted in part and denied in part. Motion for appointed counsel, № 71, denied.

So Ordered.

D.P. Marshall Jr.
United States District Judge

3 June 2014