IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAMES GREEN                                                     PLAINTIFF
ADC #113001

v.                              No. 5:12-cv-406-DPM

PAUL D. SELBY, Attorney, Monticello Regional OCSE;
PARKER HOUSER, Claims Representative,
Social Security; and TALIA LAMBERT, Investigator,
Monticello Office of Child Support Enforcement        DEFENDANTS

ORDER

After James Green started getting disability benefits from the Social

Security Administration, they got garnished for child support. Here Green

asserts constitutional claims against various people involved — a lawyer and

an investigator with the Arkansas Office of Child Support Enforcement in

Monticello and a claims representative with the Social Security

Administration. Green has sued the defendants individually and in their

official capacities for damages and injunctive relief. Sovereign immunity bars

his official-capacity damages claims. *Murphy v. State of Arkansas*, 127 F.3d 750,

754 (8th Cir. 1997) (state officials); *Buford v. Runyon*, 160 F.3d 1199, 1203 (8th

Cir. 1998) (federal officials). The Court has considered the undisputed

material facts and, where there is some dispute, viewed the record in Green's

favor. *Taylor v. White*, 321 F.3d 710, 715 (8th Cir. 2003).

**1. Facts.** In September 2009, the Social Security Administration found that Green was disabled and eligible for both disability and supplemental-income benefits. № *102 at 20–30*. The Administration then had to calculate the amount of those benefits. In his application, Green said that he lived with his parents; and he didn't help with household payments or buy his own food. № *102 at 83*. Based on this information, the Administration determined that the amount Green would receive in disability benefits rendered him ineligible for needs-based supplemental-income benefits. № *86-10 at 4*. Green therefore drew only disability benefits. № *89-1 at 57–58* (deposition pagination).

Green had two minor children to whom he owed child support. Paul Selby of the Office of Child Support Enforcement in Monticello, Arkansas, learned that Green had been approved for disability benefits. Selby moved to modify Green's child-support obligations. A hearing on the motion was set for February 2010. Green says he never got the notice or copy of the motion. The affidavit of service shows that Green's mother, Queenetta, signed for the papers at her house, where Green lived. № *102 at 50*. Green concedes that service could have been made at his house, but says that he never actually

-2-

received the papers. № *89-1 at 20* (deposition pagination). When the modification hearing was held in February, Green was in jail. It was Selby's fault, Green says, that he didn't attend the hearing.

After the hearing, the Circuit Court of Bradley County, Arkansas, issued an order finding that service was proper and modifying Green's child-support obligations to account for his disability benefits. № *86-6*. Talia Lambert, also with the Office of Child Support Enforcement, then prepared garnishment forms; she did so incorrectly, according to Green. The Social Security Administration received the order and began garnishing a portion of Green's disability benefits. Green says the Administration took too much. He blames Parker Houser, his Social Security claims representative, for withholding too much from the benefits.

**2. Selby and Lambert.** The Court lacks subject matter jurisdiction to revisit the notice issue. Were this Court to conclude that Selby and Lambert failed to notify Green about the child-support-modification hearing, this Court would essentially be reversing the state court's ruling that service was proper. Green, a state-court loser, cannot bring his appeal to this Court. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293–94

-3-

(2005); *Skit International, Ltd. v. DAC Technologies of Arkansas, Inc.*, 487 F.3d 1154, 1157–58 (8th Cir. 2007).

Green's argument that Lambert incorrectly filled out the garnishment form in June 2009 comes too late. Green sued in October 2012. More than three years had passed since Lambert filled out that form. Any § 1983 claim based on that conduct is thus time barred. ARK. CODE ANN. § 16-56-105; *Baker v. Chisom*, 501 F.3d 920, 922 (8th Cir. 2007).

**3. Houser.** The Social Security claims representative, Houser, is immune from civil liability for complying with a facially valid court order. 42 U.S.C. § 659(f)(1). And even absent this statutory immunity, Green hasn't shown that Houser violated Green's rights. He was entitled to monthly disability benefits of $761.50. Green agrees that $239.20 — 31.5% — of that amount was withheld monthly for child support. № *89-1 at 57* (deposition pagination). By law, at least 50% of Green's disability benefits could be taken to satisfy his child-support obligations. 15 U.S.C. § 1673(b)(2). Houser therefore withheld from Green less than, not more than, the law allowed. Nor is this a case where supplemental-income benefits were being taken to satisfy a child support-obligation. *E.g., Davis v. Office of Child Support Enforcement*, 341 Ark. 349,

-4-

358 (2000).

Green argues further that the Administration erred in finding him ineligible for supplemental-income benefits. Remember that when he applied for those benefits, Green said that he lived with his parents and didn't pay for household expenses or food. Green now says he did. His parents echo him: they now say that Green helped with those expenses too. № *102 at 38–39*. This evidence, which the Court views in Green's favor, might have altered the calculation of Green's supplemental-income benefits. But neither Green nor his attorney at the time appealed the Administration's benefits award. № *119-2 at 2*. The Court therefore cannot review that decision. *Anderson v. Sullivan*, 959 F.2d 690, 692–93 (8th Cir. 1992).

* * *

Houser's motion for summary judgment, № *85*, granted. Selby and Lambert's motion for summary judgment, № *89*, granted. Motions in limine, № *123 & 124*, denied as moot. Judgment will issue in due course.

So Ordered.

_D.P. Marshall Jr._
United States District Judge

29 January 2015